**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Bobby Z. Copeland, Jr., #337009, )<br>*aka* Zelophean Bobby Copeland, Jr., )<br>#337009 )<br>)<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>John R. Pate, Warden, )<br>)<br>Respondent. )<br>_____ ) | C.A. No.: 2:11-cv-00763-JMC<br><br>**ORDER AND OPINION** |

This matter is now before the court on the Magistrate Judge's Report and Recommendation, filed on April 11, 2011, recommending the court dismiss Petitioner Bobby Z. Copeland, Jr.'s, Petition for Writ of Habeas Corpus [Doc. 1] pursuant to 28 U.S.C. § 2241 *without prejudice* and without issuance and service of process. Petitioner, proceeding *pro se* filed his petition under 42 U.S.C. § 1983 in which he alleges various violations of the U.S. Constitution and other violations in connection with his criminal charges under state law. [Doc. 1]. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

### STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The

1

responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

This court incorporates by reference the Magistrate Judge's recitation of the procedural history and facts of this case. [Doc. 13, at 1-5].

Petitioner timely filed objections to the Report and Recommendation.. [Doc. 15]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner objects to the sentence he was given when he entered into the South Carolina Department of Corrections ("SCDC") in 2009. [Doc.13 at 13-1]. Petitioner is serving a sentence of fifteen years, five months, and fourteen days for second-degree burglary. Petitioner pled guilty and expected to receive a sentence of five (5) years and five (5) years of probation, but upon arrival in the SCDC, was informed that he had to serve fifteen (15) years. As of today's date, Petitioner has not filed a direct appeal or an application for post-conviction relief. Petitioner's objection seems to be based on the assertion that there might have been an alleged breach of the plea agreement.

2

However, Petitioner has not provided the Magistrate Judge or this court with any documentation to support his claim for an alleged breach of the plea agreement.

The Magistrate's Report and Recommendation clearly states the applicable law that a

> Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which can be sought only after Petitioner has exhausted his state court remedies.------ It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). See also 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); and *Picard v. Connor*, 404 U.S. 270 (1971) (exhaustion required under § 2241).
>
> In any event, it is clear that Petitioner has not exhausted his state court remedies. Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A). A direct appeal is the first step taken by a recently-convicted South Carolina prisoner to exhaust his or her state court remedies. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-352 (1989). Petitioner did not file a direct appeal. [Doc. 13 at 2-3] (quotations omitted).

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 13] and **DISMISSES** Petitioner's Complaint [Doc. 1] *without prejudice* and without issuance of service of process.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

July 13, 2011
Greenville, South Carolina